ONWARD CONST. CO. v. HARRIS.

(Supreme Court, Appellate Term, First Department.   December 4, 1913.)

LANDLORD AND TENANT (§ 172*)—CONSTRUCTIVE EVICTION.

 Defendant was lessee of an apartment in plaintiff's hotel.   Plaintiff's treasurer wrote defendant letters which were so grossly insulting and threatening in character as to seriously and substantially deprive him of the beneficial enjoyment of the premises, and constituted a breach of the covenant of quiet enjoyment.   *Held* that, the treasurer having been permitted to exercise full authority in the premises, plaintiff was bound by his acts, which constituted a constructive eviction.

 [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Onward Construction Company against Frances M. Harris.   From a Municipal Court judgment in favor of plaintiff, defendant appeals.   Reversed and dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Osborne & Lamb, of New York City (James W. Osborne and Gilbert D. Lamb, both of New York City, of counsel), for appellant.

Hastings & Gleason, of New York City (Edward L. Dennis, of New York City, of counsel), for respondent.

SEABURY, J.   This is an action to recover rent upon a written lease.   The defendant pleaded constructive eviction.   The facts are undisputed.

The plaintiff operated an apartment hotel.   The defendant was the lessee of an apartment therein.   On January 9 and again on January 10, 1910, the treasurer of the plaintiff wrote letters to the defendant which were so grossly insulting and threatening in character as to seriously and substantially deprive the defendant of the beneficial enjoyment of the premises demised, and constituted such a breach of the covenant of quiet enjoyment as to constructively evict the defendant.   The plaintiff's claim that it cannot be held for the acts of its treasurer cannot be sustained, in view of the authority which it permitted its treasurer to exercise in the apartment hotel.

Judgment reversed, with costs, and complaint dismissed, with costs.   All concur.